IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02506-GPG

DANIEL O'NEILL,

    Applicant,

v.

GARY KING, New Mexico Attorney General,
NEW MEXICO PAROLE BOARD, and
RALPH TRUJILLO, New Mexico Corrections and Assistant Attorney,

    Respondents.

## ORDER TRANSFERRING CASE

This matter is before the Court on the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, ECF No. 1.   Applicant is in the custody of the New Mexico Department of Corrections and currently is incarcerated at the Western New Mexico Correctional Facility in Grants, New Mexico.

Pursuant to 28 U.S.C. § 2241(a), a writ of habeas corpus may be granted by "the district courts and any circuit judge within their respective jurisdictions."   "A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined."   *Haugh v. Booker*, 210 F.3d 1147, 1149 (10th Cir. 2000).   Since Applicant is incarcerated in the State of New Mexico, it follows that the United States District Court for the District of New Mexico is the proper venue for filing this action.

1

"A court may *sua sponte* cure jurisdictional and venue defects by transferring a suit under the federal transfer statutes, 28 U.S.C. §§ 1406(a) and 1631, when it is in the interest of justice." *Trujillo v. Williams*, 465 F.3d 1210, 1222 (10th Cir. 2006). Pursuant to § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

The Court finds that the documents filed by Mr. O'Neill should have been filed in the United States District Court District for the District of New Mexico, because Mr. O'Neill is complaining about the execution of his State of New Mexico sentence. Finding that it would be in the interest of justice to transfer this case to the District of New Mexico, the Court will transfer the action rather than dismiss it. Accordingly, it is

ORDERED that the Clerk of the Court transfer this action to the United States District Court for the District of New Mexico pursuant to 28 U.S.C. § 1406(a). It is

FURTHER ORDERED that because the action is being transferred to the District Court for the District of New Mexico the Court will refrain from addressing Applicant's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915.

DATED at Denver, Colorado, this   17th   day of   November  , 2015.

BY THE COURT:

  s/Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge
United States District Court