UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

DANIEL O'NEILL,

    Petitioner,

v.                                                                    Civ. No. 15-1050 MV/GJF

JOE GARCIA, Warden,

    Respondent.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER is before the Court on Petitioner Daniel O'Neill's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Pet., ECF No. 1 ("Petition"). Petitioner's complaint is that he was unlawfully denied a state parole hearing in 2003 and 2004 and that the parole he ultimately received in 2006 should have been granted to him back in 2003. Had that happened, he implicitly contends, he would have started serving his current 33-year sentence sooner and been that much closer to its expiration than he is now. Petitioner claims that this turn of events has subjected him to "cruel and unusual punishment and illegal process and every violation of the Constitution." *Id.* For the following reasons, the undersigned RECOMMENDS the Petition be DENIED and this case DISMISSED with prejudice.

**I.    BACKGROUND AND PROCEDURAL HISTORY**

The relevant portion of Petitioner's criminal history dates back to 1976, when he was convicted of robbery, criminal sexual penetration, and false imprisonment. *See* Answer to Pet. for Writ of Habeas Corpus ("Answer"), ECF No. 23. Petitioner was sentenced to a total term of imprisonment of 15-65 years. *See* Answer, Ex. B (Judgment, Sentence, and Commitment (Aug. 17, 1978), Cause No. 27804, Second Judicial District Court). In 1996, while on parole for these

1

convictions, Petitioner was arrested for committing multiple acts of criminal sexual penetration of a minor. *See* Answer, Ex. D (Report of Parole Violation). In addition to having his parole revoked, Petitioner was separately convicted and sentenced in 1997 to a new 33-year prison term. *See* Answer, Ex. A (Judgment, Sentence, and Commitment (June 10, 1997), Cause No. CR 96-146, Sixth Judicial District Court). It is this sentence that the Petitioner currently is serving.

With regard to the sentence that Petitioner was serving for Cause No. 27804, the New Mexico Parole Board timely denied Petitioner parole in 2001 and 2002. *See* Answer, Exs. L, M. Apparently, however, Petitioner did not go before the parole board in 2003. Because of that denial, Petitioner filed a state petition for writ of habeas corpus, seeking an order that he be granted hearings before the Parole Board both for 2003 and 2004. *See* Answer, Ex. F. After a public defender entered his appearance on Petitioner's behalf, *see* Answer, Ex. G, the parties negotiated a resolution that was later memorialized in a stipulated court order. *See* Answer, Ex. J. The order granted the petition and directed that the Parole Board grant Petitioner the hearing that he should have had in 2003. *Id.* In addition, the order provided that "*if Petitioner is granted parole* for [sic] this hearing, it shall be effective September 10, 2003, one year from the date of his last parole hearing." *Id.* (emphasis added). The record then shows that, on November 19, 2004, the Parole Board conducted hearings for Petitioner for both 2003 and 2004, but denied parole each time. *See* Answer, Exs. N, O. The Parole Board later also denied parole to Petitioner for 2005. *See* Answer, Ex. P. On August 17, 2006, Petitioner was discharged from parole on Cause No. 27804, *see* Answer, Ex. Q, and began serving his sentence for Cause No. CR 96-146.

Importantly, until filing the instant petition before this Court in 2015, Petitioner never again sought court intervention of any kind as a result of having his parole revoked in Cause No.

27804.  To be sure, Petitioner turned to state court with a request for habeas relief on an *unrelated* matter having to do with what he alleged were insufficient efforts by the New Mexico Corrections Department and the Guadalupe County Correctional Facility to keep him safe from other inmates.  *See* Answer, Ex. S (petition originally filed on June 3, 2014).  But that case has nothing to do with the parole-related complaint that Petitioner has brought before this Court.  Consequently, Petitioner's argument that he should have been granted a parole hearing and discharged in 2003 if not for "the parole board alter[ing] and dishonor[ing] my court stipulation order which the district court in Hobbs NM granted to me along with my state habeas corpus," Pet., ECF No. 1, is an argument that he is making (1) for the first time more than nine years after he was discharged from parole, and (2) in federal court without first presenting the claim to any state court.

## II.   ANALYSIS

### A.  The Petition Is Untimely

As an initial matter, this Petition is untimely as a matter of law.  In pertinent part, 28 U.S.C. § 2244(d)(1) provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."  28 U.S.C. § 2244(d)(1) (2012).[1]  The one-year period begins to run from the latest of four events, the only one of which that is relevant here is "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  28 U.S.C. § 2244(d)(1)(C).

---

[1] Because Petitioner is attacking the execution of his sentence, rather than the underlying judgment or the validity of his conviction, his petition was properly brought under 28 U.S.C. § 2241 rather than § 2254.  *See McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997).  Nonetheless, the Tenth Circuit has consistently held that this one-year limitation period also applies to petitions for writs of habeas corpus filed under 28 U.S.C. § 2241.  *See Dulworth v. Evans*, 442 F.3d 1265, 1268 (10th Cir. 2006); *see also Randall v. Allbaugh*, No. 16-5109 (10th Cir. Sep. 27, 2016) (unpublished); *Griffith v. Bryant*, 625 F. App'x 914, 916 (10th Cir. 2015) (unpublished).

Petitioner complains that he should have been granted parole back in 2003. *See* Pet. 3. His petition, however, demonstrates that he was aware *back in 2006* that (at least in his view) the State was not following through on an alleged promise to grant him parole retroactive to 2003. *See* Pet. (*passim*). Under § 2244(d)(1)(C), therefore, Petitioner had one year from the date on which he obtained this knowledge to file this petition. Yet he inexplicably waited until November 13, 2015 – *some nine years later* – before filing the instant petition. Pet. 1 (showing filing date). There is no evidence in the record that Petitioner can benefit either from statutory tolling of the limitation period, *see* § 2244(d)(2), or from equitable tolling. *See, e.g., Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Griffith v. Bryant*, 625 F. App'x 914, 916 (10th Cir. 2015) (unpublished) (§ 2241 petition citing to *Barnes v. United States*, 776 F.3d 1134, 1150 (10th Cir. 2015) for elements of equitable tolling). Thus, to the extent that Petitioner's petition would ever have been cognizable in federal court at all, the petition needed to have been filed no later than 2007. Because it was not, this Court recommends that the petition be denied and dismissed with prejudice.

### B. On the Merits, the Record Refutes Petitioner's Claim

At its core, Petitioner's claim is that the State of New Mexico agreed in resolving the Lea County state habeas case that Petitioner should have been granted parole – not just a parole hearing – back in 2003. The problem with that claim – and which compels that it be denied – is that the state district judge's stipulated order memorializing the agreement expressly provides that the relief being granted to Petitioner was a *parole hearing* not parole itself. *See* Answer, Ex. J. To be sure, the order granted the habeas corpus petition, but only to the extent that the order directed the Parole Board to give Petitioner the hearing that he should have had in 2003. *Id.* In addition, the order provided that "*if Petitioner is granted parole* for [sic] this hearing, it shall be

4

effective September 10, 2003, one year from the date of his last parole hearing." *Id.* (emphasis added). The record then shows that, on November 19, 2004, the Parole Board conducted hearings for Petitioner for both 2003 and 2004, but denied parole each time. *See* Answer, Exs. N, O. So the record is manifestly and unmistakably clear that the Parole Board complied with the order and granted Petitioner the parole *hearings* the law accorded him. Consequently, even if this Court were to ignore the untimeliness of the petition and overlook Petitioner's failure to appropriately exhaust state court remedies, *see infra*, the Court would still recommend that the instant petition be denied on its merits and dismissed with prejudice.

### C. Failure to Exhaust State Court Remedies

Finally, and alternatively, the Petition also should be denied because Petitioner failed to first present his claim to New Mexico state courts. A federal habeas petitioner must give the state court a fair opportunity to act on his claims prior to filing in federal court in order to satisfy the exhaustion requirement. *See Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) ("A habeas petitioner is generally required to exhaust state remedies whether his action is brought under [28 U.S.C.] § 2241 or § 2254."). To provide the state court with a fair opportunity, the petitioner must "'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review)[.]" *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citations omitted). "The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a post-conviction attack." *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994); *see also Thacker v. Workman*, 678 F.3d 820, 839 (10th Cir. 2012). "If the petitioner has not properly exhausted state remedies, the federal courts ordinarily will not entertain an application for a writ of habeas corpus unless exhaustion would have been futile because either

'there is an absence of available State corrective process' or 'circumstances exist that render such process ineffective to protect the rights of the applicant.'" *Selsor v. Workman*, 644 F.3d 984, 1026 (10th Cir. 2011) (citing 28 U.S.C. §2254(b)(1)(B)(i)-(ii) (2012)).

Because the purpose of the exhaustion requirement is to "give the state courts one full opportunity to resolve any constitutional issues," *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999), the petition must alert state courts "to the fact that the prisoner is asserting claims under the United States Constitution." *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (internal citations omitted). The petitioner need not "cite 'book and verse on the federal constitution,'" *Berg v. Foster*, 244 F. App'x 239, 244 (10th Cir. 2007) (quoting *Bland v. Sirmons*, 459 F.3d 999, 1011 (10th Cir. 2006)), but "[t]he federal quality of the rights asserted [must be] sufficiently discernible to fairly apprise the [state] court of the federal nature of [petitioner's] claims." *Bowser v. Boggs*, 20 F.3d 1060, 1063 (10th Cir. 1994).

This Court concludes that Petitioner has not exhausted his available state court remedies, nor has he attempted to do so. There is no evidence in the record that Petitioner brought his denial-of-earlier-parole claim before any state court after his parole was discharged in 2006. His failure to do so is fatal to his claim.[2]

---

[2] As a final matter, the Court questions whether Petitioner's claim is even cognizable under 28 U.S.C. § 2241. State prisoners are permitted to invoke this provision only if they are "in custody in violation of the Constitution or laws or treaties *of the United States*." 28 U.S.C. § 2241(c) (2012) (emphasis added). Ordinarily, questions about the application of New Mexico's state parole law are purely state law questions that cannot be addressed through federal habeas. *See Litteral v. Marshall*, 437 F.App'x 749, 751 (10th Cir. 2011) (unpublished). "'It is not the province of a federal habeas court to reexamine state court determinations on state-law questions.'" *Johnson v. Mullin*, 505 F.3d 1128, 1141 (10th Cir. 2007) (quoting *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991)). Regardless, given the recommended disposition of this petition, this Court need not reach this question.

## III. CONCLUSION

For the foregoing reasons, the undersigned **RECOMMENDS** the Petition be **DISMISSED WITH PREJUDICE.**[3]

**IT IS SO RECOMMENDED.**

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1)(c). Any request for an extension must be filed in writing no later than seven days from the date of this filing. **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

---

[3] If the presiding judge, after resolving any objections, adopts the recommended disposition and dismisses the petition, the undersigned further recommends that the miscellaneous motions that Petitioner has filed should be denied as moot. *See* ECF Nos. 21-22, 25-28, 31.